UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE JIMINEZ,<br><br>                       Petitioner,<br><br>   v.<br><br>TINA HORNBECK, et al.,<br><br>                       Respondents. | Civil No.   07-1756 H (CAB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254..

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

**FAILURE TO ALLEGE EXHAUSTION**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28

U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Petitioner does not allege that she raised her claims in the California Supreme Court. In fact, she specifically indicates she did not seek review in the California Supreme Court. (*See* Pet. at 5.) If Petitioner has raised her claims in the California Supreme Court she must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record]

are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## **FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

Moreover, Petitioner is advised that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for some of the claims she presents. Petitioner claims she was denied access to the courts, proper medical care, illegal confinement, hazardous housing, improper security, mental anguish, false arrest and imprisonment, and illegal seizure of assets. (Pet. at 6-9.) These claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of Petitioner's confinement. *See* 28 U.S.C. 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994).

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of her physical imprisonment, and the relief she seeks is a determination that she is entitled to immediate release or a speedier release from that imprisonment, her sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of her prison life, but not to the fact or length of her custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

## **CONCLUSION**

For the foregoing reasons, the petition is **DISMISSED** without prejudice and with leave to amend. If Petitioner wishes to proceed with this case, she must submit, **no later than November 2, 2007**: (1) a copy of this Order with the $5.00 fee or with adequate proof of her inability to pay the fee, **AND** (2) a First Amended Petition which cures the pleading deficiencies outlined in this Order. THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A

1 | BLANK FIRST AMENDED PETITION FORM, A BLANK COMPLAINT PURSUANT TO
2 | 42 U.S.C. § 1983 FORM, AND A BLANK MOTION TO PROCEED IN FORMA PAUPERIS.
3 | **IT IS SO ORDERED.**
4 | **DATED: September 10, 2007**

*Marilyn L. Huff*
**MARILYN L. HUFF, District Judge**
**UNITED STATES DISTRICT COURT**

9 | COPIES TO:
All parties of record.